JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEANNA PIERCE**

**DEFENDANTS**

**CITY OF PHILADELPHIA**

(b) County of Residence of First Listed Plaintiff   **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff, Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102  215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 82000e, et seq. ("Title VII"); 42 U.S.C. §1981 ("Section 1981"); 43 P.S. §951, et seq. ("PHRA"); and the Philadelphia Fair Practices Ordinance, as amended,
Brief description of cause:                                                                Phila. Code §9-1101, et seq. ("PFPO").
**Plaintiff brings this action against her employer for race discrimination and retaliation.**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
December 11, 2017

SIGNATURE OF ATTORNEY OF RECORD
*Lane J. Schiff*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT                                        APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Philadelphia, PA 19116**

Address of Defendant: **1401 John F. Kennedy Boulevard, Philadelphia, PA 19102**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Lane J. Schiff, Esquire** _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **December 11, 2017**   _Lane J. Schiff_   314179

Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **December 11, 2017**   _Lane J. Schiff_   314179

Lane J. Schiff, Esquire

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DEANNA PIERCE | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v | : | |
| CITY OF PHILADLEPHIA | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                (X)


| | | |
|---|---|---|
| December 11, 2017 | _Lane J. Schiff_ | Lane J. Schiff, Esquire, Attorney for Deanna Pierce |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 405-2964 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Deanna Pierce<br>Philadelphia, PA 19116 | : <br>: <br>: | CIVIL ACTION NO. |
| Plaintiff, | : <br>: | |
| v. | : <br>: <br>: | |
| CITY OF PHILADELPHIA<br>1401 John F. Kennedy Boulevard<br>Philadelphia, PA 19102 | : <br>: <br>: <br>: | JURY TRIAL DEMANDED |
| Defendant. | : <br>: <br>: | |

## COMPLAINT

I. **INTRODUCTION**

Plaintiff, Deanna Pierce, brings this action against her employer, the City of Philadelphia ("Defendant"). Defendant discriminated against Plaintiff based on her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.* ("PFPO"). Defendant also retaliated against Plaintiff based on her complaints of unlawful treatment and subjected her to a hostile work environment, in violation of Section 1981. Defendant's conduct also deprived Plaintiff of her constitutional rights of the Equal Protection Clause of the

Constitution in violation of 42 U.S.C. §1983 ("Section 1983").  Plaintiff seeks all damages allowable under the law.

II.    **PARTIES**

1.    Plaintiff, Deanna Pierce, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is Native American.

3.    Defendant, the City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, with its principal office located at 1401 John F. Kennedy Boulevard, Philadelphia, PA 19102.

4.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5.    At all times material hereto, Defendant employed more than fifteen (15) employees.

6.    Defendant has engaged in a pattern and practice of considering characteristics such as race when making employment decisions.

7.    At all times material hereto, Defendant instituted, acquiesced in, ratified and/or made employment decisions based on consideration of characteristics such as race.

8.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.    At all times material hereto, Defendant acted as an employer within

the meaning of the statutes which form the basis of this matter.

10.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Defendant acted under color of state law.

## III.     JURISDICTION AND VENUE

12.     The causes of action which form the basis of this matter arise under Section 1981, Section 1983, Title VII, the PHRA, and the PFPO.

13.     The District Court has jurisdiction over Count I (Section 1981) pursuant to 28 U.S.C. §1331.

14.     The District Court has jurisdiction over Count II (Section 1983) pursuant to 28 U.S.C. §1331.

15.     The District Court has jurisdiction over Count III (Title VII) pursuant to 28 U.S.C. §1331.

16.     The District Court has supplemental jurisdiction over Count IV (PHRA) pursuant to 28 U.S.C. §1367.

17.     The District Court has supplemental jurisdiction over Count V (PFPO) pursuant to 28 U.S.C. §1367.

18.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

19.     On October 5, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania

Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

20.     On September 14, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue for Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "B" is a true and correct copy of the notice with personal identifying information redacted.

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     **FACTUAL ALLEGATIONS**

22.     Plaintiff was hired by Defendant in or around March 2002 as a Social Worker.

23.     In or about 2005, Plaintiff was promoted to the position of Social Work Supervisor.  Plaintiff currently holds this position.

24.     Plaintiff has consistently performed her job duties in an excellent manner.

25.     Plaintiff applied for a Human Services Program Administrator positions.  These positions would have been a promotion for Plaintiff.

26.     Plaintiff was qualified for the Human Services Program Administrator position.

27.     On or about July 11, 2016, Plaintiff learned that she was not selected for the Human Services Program Administrator position.

28.     Defendant hired Jennifer Albandoz (Hispanic) and Adrienne Lyde

(African American) for the Human Services Program Administrator position.

29.     Plaintiff was significantly more qualified than Albandoz and Lyde for the Human Services Program Administrator positions.

30.     By way of example, Plaintiff had significantly more experience than Albandoz and Lyde and scored higher than Albandoz on her civil service examination.

31.     On or about September 6, 2016, Robert Tomaszewski, Deputy Commissioner of Administration, informed Plaintiff that he was aware that Defendant had been searching for a Hispanic individual to fill the Human Services Program Administrator position, which is why Albandoz was promoted over Plaintiff.

32.     As a result of the discriminatory conduct to which she was subjected, Plaintiff filed a Charge of Discrimination with the EEOC on or about October 5, 2016, alleging race discrimination.

33.     On or about October 5, 2016, Plaintiff served a copy of her Charge of Discrimination on Defendant's attorneys.

34.     As set forth below, after Plaintiff made complaints regarding Defendants' discriminatory conduct, Defendant failed to take remedial and/or corrective action but instead retaliated against Plaintiff, subjected her to further race based discrimination, and subjected her to a hostile work environment.

35.     Defendant issued Plaintiff an unjust disciplinary action in the form of a written Employee Violation Report.  Defendant did not follow its progressive discipline policy in issuing the same.  After Plaintiff was forced to attend an

investigative hearing regarding the discipline action, she was informed that the disciplinary action was unsubstantiated.

36.     Defendant treated Plaintiff differently, and in a more hostile and dismissive manner, than non-complaining employees.

37.     Defendant denied Plaintiff overtime approval.

38.     Defendant denied Plaintiff lunch breaks.

39.     Defendant failed to provide Plaintiff with the requisite supervisory support, which it provided to other employees in Plaintiff's position.

40.     Defendant denied Plaintiff full time clerical support.

41.     Defendant denied Plaintiff's request to attend the American Correctional Association conference. Plaintiff attended this conference in order to obtain her requisite certification credits and had previously been permitted to attend.

42.     To Plaintiff's knowledge, Defendant gave approval for other employees to attend the conference. Plaintiff has not been given a reason as to why Defendant refused to allow her to attend the conference.

43.     On or about June 9, 2017, Plaintiff filed a second Charge of Discrimination with the EEOC, regarding the continued race discrimination and retaliation to which she was being subjected.  Plaintiff advised Defendant of the filing on that same day.

44.     On or about August 15, 2017, Plaintiff applied for an open Community Justice and Outreach Director position.  This position would have been a promotion for Plaintiff.

45.     Plaintiff was qualified for the Community Justice and Outreach Director position.

46.     To the best of Plaintiff's knowledge, the only applicants for the Community Justice and Outreach Director position were Leroy Pendleton (African American) and Plaintiff.

47.     Pendleton was substantially less qualified for the Community Justice and Outreach Director position than Plaintiff.  By way of example, Plaintiff had significantly more experience.

48.     On or about August 23, 2017, Plaintiff learned that she was not selected for the Community Justice and Outreach Director position and that Pendleton had been selected for the same.

49.     Defendant failed to provide Plaintiff with any explanation as to why Plaintiff was denied the promotion.

50.     Defendant continued to treat Plaintiff in a hostile and dismissive manner.

51.     On or about August 31, 2017, Plaintiff requested to speak with Terrell Bagby, Deputy Commissioner of Restorative and Transitional Services, regarding the hostile and retaliatory conduct to which she was being subjected. Plaintiff was seeking Bagby's permission to speak with the Office of Professional Compliance ("OPC") and file a complaint regarding the unlawful conduct to which she was being subjected.

52.     Bagby refused to speak with Plaintiff and informed Plaintiff that she must go through the chain of command.

53.     Bagby instructed Plaintiff to speak with Albandoz and request her permission for Plaintiff to speak with OPC.

54.     Per Bagby's direction, Plaintiff requested that Albandoz allow her to speak with OPC regarding the discriminatory and retaliatory conduct to which she was being subjected.

55.     Albandoz responded by criticizing Plaintiff and yelling at her to "go ahead with your show, go ahead with yourself, get out of my face."

56.     Plaintiff thereafter filed a complaint with OPC regarding the unlawful treatment to which she was being subjected.  Defendant unjustly determined that Plaintiff's complaint was "Not Sustained."

57.     Due to the unlawful treatment to which Albandoz has subjected Plaintiff, Plaintiff requested, on multiple occasions, that Defendant remove her from Albandoz' supervision. Defendant denied Plaintiff's requests.

58.     Although Plaintiff has repeatedly complained to Defendant regarding the discriminatory and retaliatory conduct to which she has been, and continues to be, subjected, Defendant has not informed Plaintiff of any action that it has taken to investigate her prior complaints of discrimination and retaliation.

59.     Defendant has not taken action to remedy and/or prevent the hostile work environment and retaliation to which Plaintiff has been subjected because of her race and her complaints about Defendant's unlawful conduct.

60.     As a result of Defendant's continued discriminatory and retaliatory conduct, Plaintiff has taken intermittent medical leave pursuant to the Family Medical Leave Act.

61.     Plaintiff's race was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including its failure to promote Plaintiff into the Human Services Program Administrator positions.

62.     Plaintiff's race was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including its failure to promote Plaintiff into the Community Justice and Outreach Director position.

63.     Plaintiff's engaging in protected activity was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including failing to promote Plaintiff into the Community Justice and Outreach Director position.

64.     Plaintiff's race and/or engaging in protected activity was a motivating and/or determinative factor in Defendant's unlawful treatment of Plaintiff, including, but not limited to, subjecting her to a hostile work environment, unjustly disciplining Plaintiff, denying Plaintiff overtime approval, denying Plaintiff lunch breaks, denying Plaintiff full-time clerical support, denying Plaintiff the requisite supervisory support, and denying Plaintiff's request to attend the American Correctional Association conference.

65.     Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

66.     The retaliatory action taken against Plaintiff after she complained of unlawful conduct would have discouraged a reasonable employee from

complaining of discrimination.

67.     As a direct and proximate result of the discriminatory, harassing, and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

68.     Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

### COUNT I – Section 1981

69.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

70.     By committing the foregoing acts of discrimination, harassment, and retaliation, Defendant has violated Section 1981.

71.     Said violations were done with malice and/or reckless indifference to Plaintiff's rights.

72.     As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

73.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory, harassing, and retaliatory acts unless and until this Court grants the relief requested herein.

74.    No previous application has been made for the relief requested herein.

## COUNT II – Section 1983

75.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

76.    Defendant's discriminatory, harassing, and retaliatory conduct, as set forth herein, deprived Plaintiff of equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

77.    Defendant's violation of the constitution included policies, practices, and/or customs to treat Native American employees less favorably than non-Native American employees, which was committed, directed, implemented, and/or ratified by officials of Defendant in supervisory capacities with policymaking and decision-making authority.

78.    As a direct and proximate result of Defendant's acts and conduct which caused and continue to cause Plaintiff to be denied equal protection under the law, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incurred attorneys' fees.

79.    The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

## COUNT III - Title VII

80.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

81.     By failing to promote Plaintiff to the Human Services Program Administrator position Defendant has violated Title VII.

82.     Said violation was done with malice and/or reckless indifference.

83.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

84.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

85.     No previous application has been made for the relief requested herein.

## COUNT IV - PHRA

86.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

87.     By failing to promote Plaintiff to the Human Services Program Administrator position, Defendant has violated has violated the PHRA.

88.     Said violation was intentional and willful.

89.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

90.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

91.     No previous application has been made for the relief requested herein.

## COUNT V - PFPO

92.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

93.     By failing to promote Plaintiff to the Human Services Program Administrator position, Defendant has violated the PFPO.

94.     Said violation was intentional and willful.

95.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

96.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

97.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Section 1981;

(b)     declaring the acts and practices complained of herein to be

in violation of Section 1983;

       (c)    declaring the acts and practices complained of herein to be in violation of Title VII;

       (d)    declaring the acts and practices complained of herein to be in violation of the PHRA;

       (e)    declaring the acts and practices complained of herein to be in violation of the PFPO;

       (f)    enjoining and permanently restraining the violations alleged herein;

       (g)    entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

       (h)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

       (i)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

       (j)    awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, Section 1983, the PHRA, and the PFPO;

       (k)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(I)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief, providing restitution for past violations, and preventing future violations.

CONSOLE MATTIACCI LAW, LLC

Dated: December 11, 2017        BY: _____
                                   Stephen G. Console (36656)
                                   Lane Schiff (314179)
                                   1525 Locust St., 9th Floor
                                   Philadelphia, PA 19102
                                   (215) 545-7676

                                   Attorneys for Plaintiff,
                                   Deanna Pierce

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | |

| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission; Philadelphia Commission on Human Relations |
|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Deanna Pierce | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Philadelphia, PA 19116 | DATE OF BIRTH |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME** (If more than one than list below)

| NAME<br>City of Philadelphia:<br>Philadelphia Department of Prisons | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(215) 685-8436 |
|---|---|---|

| STREET ADDRESS<br>8201 State Road | CITY, STATE AND ZIP<br>Philadelphia, PA 19136 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>X Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   Q Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest* 07/11/2016 |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent in or around March 2002 as a Social Worker, and was promoted to a Social Work Supervisor in 2005. I continue to work as a Social Work Supervisor at Respondent. I currently report to Jennifer Albandoz, Human Services Program Administrator, who reports to Terrell Bagby, Deputy Commissioner of Restorative and Transitional Services. Bagby reports to Blanche Carney, Commissioner.

I am a Native American female. Respondent failed to promote me twice throughout my fourteen (14) years of service to Respondent. Instead of promoting me, Respondents promoted an African American individual the first time, and a Hispanic individual the second time. The second time Respondent denied me a promotion was on July 11, 2016. I had the qualifications, experience, training, and requisite years with Respondent to have received the promotion; yet, Respondent gave the position to a Hispanic employee, Albandoz, whom I have guided and supported in the role of a seasoned supervisor when she transferred over to Social Worker, and in the role of a supportive peer after her recent promotion to Social Work Supervisor. Albandoz has much less experience, less training, and fewer certifications than me but is now my supervisor.

I consistently demonstrated excellent performance and dedication to Respondent. By way of example, in 2006, 2007, 2008, 2009, 2010, 2012, 2014, 2015, and 2016, I received a performance review with an overall rating of Outstanding.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies If I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:<br>10/3/16     Charging Party *(Signature)*<br>Deanna S Pierce | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME, THIS DATE<br>(Day Month, and year) |

EEOC Charge of Discrimination
Page 2 of 4
Initials of Charging Party – DW

2.   Harm Summary

Respondent discriminated against me because of my race (Native American) in connection with its failure to promote me into a position for which I applied and was the most qualified candidate. Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) In or about February 2015, Respondent began interviewing candidates to fill its Human Services Program Administrator position.

(b) I first interviewed for the Human Services Program Administrator position in February 2015.

(c) Each applicant for the Human Services Program Administrator position was required to take a Civil Service Oral Examination before a panel, which I and the other applicants took on October 31, 2014.

(d) To the best of my knowledge, I was one (1) of seven (7) candidates who applied and tested for the Human Services Program Administrator position.

(e) My coworker, Albandoz (Hispanic), also applied for the Human Services Program position.

(f) Albandoz has much less experience and fewer qualifications than I have.

(g) I tested at number two (2) out of the candidates who applied and tested for the position.

(h) To the best of my knowledge, Albandoz tested at number four (4) out of the candidates who applied and tested for the position.

(i) The Human Services Program Administrator position that was to be filled—and for which I had applied and interviewed—had been vacant for over six (6) months.

(j) In October 2015, I was asked to temporarily fill the Human Services Program Administrator position in the absence of Terrell Bagby, who previously held the position and who is the current Deputy Commissioner. I held the temporary position until the end of November 2015.

(k) Civil Service Regulations state that after 60 days, Respondent must permanently fill the position with the temporary employee. However, Respondent did not permanently keep me in the position; instead, other employees continued to temporarily fill the position.

(l) On June 24, 2016, I interviewed for the second time for the Human Services Program Administrator position.

(m) On or about July 11, 2016, Respondent informed me by a general letter that I did not receive the promotion.

(n) Respondent stated that it evaluated "the relative knowledge, skills, and abilities of all candidates," and that it took "employment records into consideration in an effort to choose the individual whose overall qualifications best fit the requirements of the position."

EEOC Charge of Discrimination
Page 3 of 4
Initials of Charging Party – DN

(o)  Respondent provided me with no explanation as to why I did not receive the position.

(p)  On or about July 11, 2016, I was notified that Albandoz received the promotion to the Human Services Program position.

(q)  I was stunned.  I was the most qualified and experienced candidate for the Human Services Program Administrator position.

(r)  I was considerably more qualified and experienced than Albandoz.

(s)  I had received a higher test score than Albandoz.

(t)  I had a longer tenure as a Social Worker and Social Work Supervisor at Respondent than Albandoz.

(u)  Instead of me, the less experienced and less qualified Hispanic employee received the promotion.

(v)  By way of example, Albandoz had only had approximately five (5) years of experience as a Social Work Supervisor, whereas I had over eleven (11) years of experience as a Social Work Supervisor at Respondent—plus, I worked an additional one and a half (1.5) years as a Social Work Supervisor prior to my promotion to the position eleven (11) years ago.

(w)  My experience and certifications, none of which Albandoz has, include but are not limited to the following: an American Correctional Association certification, certifying me as a Certified Correctional Supervisor; training in hostage negotiations Levels 1 and 2; membership in the Prisons Hostage Negotiation Team; supervising fourteen (14) staff members and a facility with 1200 inmates.  Albandoz has never had the experience in her social work career at Respondent to supervise this amount of work and responsibility.

(x)  I have attended over 150 hours of training sessions in the last three years.

(y)  Albandoz has only worked in a very isolated part of Respondent's Social Service Department, and does not have the required extensive understanding on how 75% of the Department she is now responsible for operates.

(z)  Because this was the second time that I have interviewed for a promotion and was not selected, I am now permanently removed from the active list of candidates.

(aa) I requested and was granted the right to review my personnel file following Respondent's failure to promote me to Human Services Program Administrator.

(bb) My personnel file showed that Respondent found me to be acceptable for the position.

(cc) On September 6, 2016, Robert Tomaszewski, Deputy Commissioner of Administration at Respondent, informed me that he was aware that Respondent had been searching for a Hispanic individual to fill the Human Services Program Administrator position, which is why Albandoz was promoted over me.

(dd) In the same conversation, Tomaszewski told me that Respondent's Commissioner, Carney, stated that Albandoz did not have anywhere near the experience that I have.

**EEOC Charge of Discrimination**
Page 4 of 4
Initials of Charging Party – (DW)

(ee) The Human Services Administrator position was given to a Hispanic individual because of race.

(ff) Respondent was searching for a Hispanic employee to fill the position of Human Services Program Administrator, and denied me the promotion based on my race.

(gg) I heard comments by other employees of Respondent suggesting that, during the mayor's transition, Respondent was looking to hire an African American Commissioner of Prisons so that the mayor could hire a white Fire Commissioner.

(hh) Upon information and belief, Respondent has a pattern and practice of considering race when making employment decisions, including hiring and promotions.

B.   1.   Respondents' Stated Reasons

(a)   Respondent has failed to provide me with any legitimate, non-discriminatory reason for failing to hire me for a position for which I applied and was the most qualified candidate.

C.   1.   Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my race (Native American) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"); and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, et seq. ("PFPO") as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Deanna Pierce v. City of Philadelphia: Philadelphia Department of Prisons**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _____Deanna Pierce_____ 10/2/14
Signature and Date

_____ I do not want my charge dual filed with PHRC

_____
Signature and Date

# EXHIBIT B

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Deanna Pierce<br><br>Philadelphia, PA 19116 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00082 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
Acting District Director

9/14/2017
*(Date Mailed)*

Enclosures(s)

cc:
Duncan Lloyd
CITY OF PHILADELPHIA
Labor & Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

Stephen G. Console
CONSOLE MATTIACCI LAW
1525 Locust Street
Philadelphia, PA 19102