IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANNA PIERCE, *Plaintiff,* v. CITY OF PHILADELPHIA, *Defendant.* | CIVIL ACTION NO. 17-5539 |

**PAPPERT, J.** August 1, 2019

## MEMORANDUM

The Court has written extensively about this case. *See, e.g.,* (ECF Nos. 63, 104). Deanna Pierce is a Native American woman who claimed that the City of Philadelphia discriminated against her on the basis of race when she lost out on a promotion to a Hispanic woman and then retaliated against her when she complained about the alleged discrimination. In short, this was a fairly straightforward employment dispute. When all was said and done, the jurors chose to credit the City's explanation for its promotion decision and found in the City's favor on the discrimination claims, though it concluded that the City retaliated against Pierce. The jurors awarded one dollar in nominal damages.

The lawyers all did a generally fine job and the trial went smoothly, until Pierce's lawyer went too far in her closing and rebuttal arguments—urging the jurors to consider a point that was essential to the success of Pierce's discrimination claims but for which there was no evidentiary support. (Jan. 11, 2019 Hr'g Tr. ("Jan. 11 Tr.") 55:20–56:3, 84:7–10); *see* (ECF No. 104 at 23–24). The Court was surprised and

1

disappointed and admonished counsel at sidebar for her conduct. (Jan. 11 Tr. 87:22–89:17.) The Court considered the matter closed.

After a lunch break and before the jurors returned to the courtroom for their instructions, the Court allowed counsel to make her objections to the City's closing argument. Counsel unfortunately used that opportunity to revisit her own closing and again argue that she hadn't done anything wrong. This forced the Court to address the unpleasant topic a second time, which the Court did (Jan. 11 Tr. 93:12–96:23), after which it again considered the matter closed.

Following trial, Pierce filed a motion for equitable and injunctive relief (ECF No. 78), a motion for judgment as a matter of law and for a new trial (ECF No. 86) and a second motion for a new trial (ECF No. 101). None of these filings brought up the controversy counsel created with the liberties taken in her closing, nor did they touch on the Court's admonitions of her behavior. They did, however, complain about the City's closing argument. *See* (ECF No. 86 at 21–26). In its Response, the City pointed out that Pierce's lawyer failed to object at trial to most aspects of the City's closing, thereby waiving those arguments. (ECF No. 88 at 24–27.)

Pierce then filed a Reply. (ECF No. 94.) Apparently determined to debate the merits of her own conduct on the public docket, counsel attempted to excuse her failure to object to most of the City's closing argument on being rattled by the Court's "hostil[ity]" and "ang[er]" at her for her own improper argument. (*Id.* at 6–9.) Rather than accept the fact that at trial she made a deliberate, unhurried and presumably

2

strategic decision to focus on just one aspect of her opponent's closing,[1] counsel tripled down in defense of an overzealous mistake.  Having done so, the Court was forced, in its Memorandum denying Pierce's motions (ECF No. 104), to provide the context and content of the entire exchange.  (*Id.* at 23–25.)  It is this recitation that prompted counsel to seek the Court's recusal.  The Court denies her Motion.

I

Counsel moves for recusal under 28 U.S.C. § 455(a).  Section 455(a) requires a federal judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  The Court must determine "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128 (3d Cir. 1987)).  Scienter is not an element of a violation of § 455(a).  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 (1988).

---

[1] After closing arguments, the Court invited Pierce's counsel to state her objections to the City's argument on the record:

>   Court:    Let's elaborate on your, your objection now.  Take them again.
>   Counsel:  Okay.
>   Court:    The reference to the mayor.
>   Counsel:  Okay.  Yes, that's—and, and I will end my objections on that, Your Honor the reference to the mayor.  I, I think that, that was the one that is the most, you know, the prejudicial issue because—
>   Court:    Okay.
>   Counsel:  —we were denied the opportunity to depose him.  That's all.
>   . . .
>   Court:    Let me think about, okay.  And that's . . . that's your only objection to the closing?
>   Counsel:  Yes, your Honor.
>   Court:    You sure?
>   Counsel:  Yes.

(Jan. 11 Tr. 90:19–93:5.)

3

Alleged bias stemming from facts gleaned from the judicial proceeding, rather than from an "extrajudicial source," is rarely grounds for recusal under § 455(a). *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citing *United States v. Antar*, 53 F.3d 568, 574 (3d Cir. 1995)). As the Supreme Court stated in *Liteky v. United States*, 510 U.S. 540 (1994):

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky*, 510 U.S. at 555; *see also U.S. v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or impartiality. *Liteky*, 510 U.S. at 555–56.

Counsel doesn't come close to meeting her burden. First of all, the Motion is a superficial attempt to prevent the Court from deciding the only remaining issue in the case—counsel's fee petition. The day after the Court entered judgment consistent with the jurors' verdict, counsel asked the Court to "h[old] in abeyance" the deadline by which counsel could file, based on the one dollar nominal award, their motion for attorneys' fees and costs. (ECF No. 76.) The Court granted the request that same day. (ECF No. 77.) On June 13, 2019, the Court denied Pierce's post-trial motions. (ECF Nos. 104, 105.) The next day, counsel again wrote the Court, stating their intention to appeal the Court's June 13 ruling and now asking that the Court extend again the

4

deadline for the filing of their motion for fees and costs until after the Third Circuit decides the appeal. (ECF No. 106.) On June 17, the Court denied the request and ordered counsel to file their motion for attorneys' fees and costs on or before June 28. (ECF No. 107.) Counsel then filed the Motion to Recuse on June 25 (ECF No. 108) followed by the motion for attorneys' fees and costs on June 28. (ECF No. 109.)

Otherwise stated, counsel has not made, and cannot make, any argument that the Court appears to so favor the City or be so antagonistic to Ms. Pierce that it cannot fairly judge the merits of the litigation. Indeed, the Court has already done that, thoroughly explaining, among other things, why the jury had a basis for its verdicts and why Pierce is not entitled to any of the post-trial relief she sought. *See* (ECF No. 104). The Court of Appeals will assess the Court's decisions and explanations and rule as it sees fit. Counsel is concerned solely about her fees and wants another judge to decide how much, if anything, she should receive for her Pyrrhic victory. If counsel were truly concerned about the Court's ability to impartially judge the case's merits, she would have sought recusal *before* the Court ruled on the post-trial motions. She may now claim that the Court's written assessment of her closing and rebuttal arguments triggered the purported need for a new judge, but the words on the page of the Court's opinion are no worse or different than what the Court said to her at the time, and lack the tone the Court used to personally express its disappointment in how she went about things.

Second, counsel fails to demonstrate that the Court's statements display such "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Counsel takes issue issue with remarks made solely on the

5

basis of facts and events that occurred during the course of Pierce's judicial proceeding. These "were merely assessments relevant to the case, whether they are correct or not." *United States v. Ciavarella*, 716 F.3d 705, 719 (3d Cir. 2013) (quoting *Wecht*, 484 F.3d at 220). "As such, they do not demonstrate bias" under 28 U.S.C. § 455(a), even if they conveyed impatience, dissatisfaction or annoyance. *Id.* (quoting *Knoll v. City of Allentown*, 707 F.3d 406, 411 (3d Cir. 2013)).

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.