IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANNA PIERCE,<br><br>       *Plaintiff,*<br><br>  v.<br><br>CITY OF PHILADELPHIA,<br><br>       *Defendant.* | CIVIL ACTION<br>NO. 17-5539 |

**PAPPERT, J.**                                                                                                                                                                                                                                                              August 2, 2019

**MEMORANDUM**

      Deanna Pierce, a Native American woman, sued the City of Philadelphia for discrimination, harassment and retaliation. She claimed the City failed to promote her to three positions in 2015, 2016 and 2017 because of her race in violation of 42 U.S.C. § 1981, the Equal Protection Clause of the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance. She also claimed the City subjected her to a hostile work environment and retaliated against her.[1] After discovery, Pierce withdrew her discrimination claims related to the 2015 promotion. Both parties then moved for summary judgment. The Court granted judgment for the City on the discrimination claims related to the 2017 promotion, hostile work environment claims and retaliation claim under § 1981. The Court denied Pierce's motion for summary judgment.

      The case proceeded to trial on the discrimination claims related to the 2016 promotion under § 1981, the Equal Protection Clause, Title VII, the PHRA and the

---

[1]     Pierce also alleged disability discrimination, but withdrew the claim before the conclusion of discovery. *See* (ECF Nos. 18, 25).

1

PFPO and the retaliation claims under Title VII, the PHRA and the PFPO. The jury found in the City's favor on the discrimination claims, though it concluded that the City retaliated against Pierce. The jurors awarded one dollar in nominal damages.

Following trial, Pierce filed a motion for equitable and injunctive relief, a motion for judgment as a matter of law and for a new trial and a second motion for a new trial. The Court denied the motions. Pierce now seeks $358,383 in attorney's fees[2] and $29,436.56 in costs as the prevailing party on her retaliation claim. The Motion is denied with prejudice as to attorneys' fees and denied without prejudice as to costs for the reasons that follow.

I

The Court, "in its discretion, may allow the prevailing party" in a Title VII case "a reasonable attorney's fee . . . as part of the costs" awarded.[3] 42 U.S.C. § 2000e-5(k). The City does not dispute that Pierce is a "prevailing party" within the meaning of the Title VII because she received nominal damages on her retaliation claim. (Def.'s Mem. Opp'n Mot. 3–4); *see Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Thus, the Court need only determine what fee award, if any, is reasonable under the circumstances of this case.

In *Farrar*, the United States Supreme Court held that "[a]lthough the 'technical' nature of a nominal damages award . . . does not affect the prevailing party inquiry" for

---

[2] In her Motion and once in her supporting brief, Pierce asks for $358,823 in attorneys' fees. *See* (Mot. Att'ys' Fees & Costs ("Mot."), ECF No. 109); (Mem. Supp. Mot. 1, ECF No. 109-1). In the brief's final paragraph and the lodestar calculation spreadsheet prepared by Pierce's lawyers, she asks for $358,383. (Mem. Supp. Mot. 19; Mot. Ex. 1.) The Court assumes the request for $358,823 is a typographical error.

[3] The PHRA and the PFPO contain similar fee-shifting provisions. *See* 43 Pa. Cons. Stat. § 962(c.2); Phila., Pa., Code § 9-1122(3)(c).

the purposes of awarding attorneys' fees, "it does bear on the propriety of fees awarded . . . ." *Farrar*, 506 U.S. at 114. The most critical factor in determining a "reasonable" fee is "the degree of success obtained" by the prevailing party. *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The Court concluded that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 256–57, 264 (1978)).

Justice O'Connor concurred in *Farrar*, reiterating that the "*de minimis* or technical" nature of a nominal damages award "is part of the determination of what constitutes a reasonable fee." *Id*. at 117 (O'Connor, J., concurring). She stated that "the practice of denying fees to Pyrrhic victors is one [Congress] clearly intended to preserve" in fee-shifting statutes, but cautioned that "[n]ominal relief does not necessarily a nominal victory make." *Id*. at 119, 121. She proposed three factors to consider in determining whether to award fees in a nominal damages case: (1) the difference between the amount recovered and the damages sought, (2) the significance of the legal issue on which the plaintiff claims to have prevailed and (3) whether the plaintiff's success accomplished some public goal other than occupying the time and energy of counsel, court and client. *Id*. at 121–22.

The Third Circuit Court of Appeals applied *Farrar* in *Jama v. Esmor Correctional Services*, 577 F.3d 169 (3d Cir. 2009). In that case, a jury awarded nominal damages to Jama on her Religious Freedom Restoration Act claim and $100,000 in tort damages. *Jama*, 577 F.3d at 171. The district court granted Jama's attorneys' fee petition, attributing a portion of the tort award to her fee-eligible RFRA

3

claim. *Id.* at 173. The Third Circuit remanded for reconsideration of the relationship between the tort and RFRA claims. *Id.* at 179–80. The court also directed the district court to "consider the extent to which Jama's RFRA claim might, even independently, justify a fee award under the factors articulated by Justice O'Connor in *Farrar*." *Id.* at 180.

Three years later, a Third Circuit panel acknowledged in a non-precedential opinion that "*Jama* may have muddied the waters after *Farrar*." *Velius v. Twp. of Hamilton*, 466 F. App'x 133, 140 (3d Cir. 2012). In *Velius*, a jury found that police officers violated the plaintiff's right to be free from excessive force, but awarded only nominal damages. The district court, which "seemed to believe it was obligated to apply the factors cited in Justice O'Connor's concurrence in *Farrar*," awarded $2,259 in attorneys' fees. *Id.* at 134–35, 139. The Third Circuit vacated the award and remanded with the following instructions to the district court:

> Our "adoption" of Justice O'Connor's factors [in *Jama*] must be understood only as an endorsement of the use of those considerations by trial judges who believe the case before them may present the rare situation in which success on the claim justifies attorneys' fees despite the technical victory manifested by an award of nominal damages.
> . . .
> On remand, the District Court should consider the fact that an "obtuse" verdict "cannot deter misconduct any more than a bolt of lightning can; . . . it teaches no valuable lesson because it carries no discernable meaning." The verdict sheet in this case does not demonstrate whether the jury's verdict was based on the Officers pulling [plaintiff] from his truck, handcuffing him too tightly, or both. Thus, it cannot serve any substantial notice-giving function vis-à-vis the impropriety of tight handcuffing. We further caution that, given the *Farrar* rule that nominal damages awards in civil rights cases usually will warrant no fee and that every civil rights case in which the plaintiff prevails on the merits vindicates some right, it cannot be the case that the mere vindication of rights alone suffices to distinguish those cases in which the presumption of no fee is overcome.

*Id.* at 140, 141 n.4 (quoting *Farrar*, 506 U.S. at 122 (O'Connor, J., concurring)).

More recently, in another non-precedential opinion, the Third Circuit held that a district court "applied the correct standard" to an attorneys' fee request in a nominal damages case and affirmed the district court's order denying fees. *Carroll v. Clifford Twp.*, 625 F. App'x 43, 46 (3d Cir. 2015). The district court had first noted that one dollar was "a minute fraction of" the damages the plaintiff sought in the case and "g[ave] primacy" to that disparity.[4] *Carroll v. Clifford Twp.*, 2014 WL 2860994 at *3 (M.D. Pa. June 23, 2014). The district court then acknowledged that "it need not consider the additional O'Connor factors," but nonetheless did so "briefly" and found that the remaining two factors weighed against awarding fees. *Id.* at *3–4.

Since *Jama*, *Velius* and *Carroll*, district courts have heeded *Farrar*'s instruction to determine what fee is reasonable under the circumstances of a case, giving "primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar*, 506 U.S. at 114–15 (citations omitted). *See, e.g.*, *Watley v. Felsman*, 2019 WL 2994235 (M.D. Pa. July 9, 2019); *Yarnall v. Phila. Sch. Dist.*, 203 F. Supp. 3d 558 (E.D. Pa. 2016). *See also Jordan ex rel. Arenas-Jordan v. Russo*, 2014 WL 869482 (W.D. Pa. Mar. 5, 2014). The Court has "substantial discretion" under *Farrar* "to decide whether no fee or some fee would be reasonable, as long as [it] acknowledge[s] that a nominal damages award is presumptively a technical victory that does not merit an award of attorneys' fees." *Velius*, 466 F. App'x at 140–41. If the Court determines that no fee or a low fee is reasonable, it need not apply multi-factor tests or calculate the lodestar. *Velius*, 466 F. App'x at 141.

---

[4] "While the record d[id] not reflect the exact amount of damages plaintiff sought . . . there [was] evidence that plaintiff did not accept a settlement offer of $25,000 from defendants . . . [and] turned down a Rule 68 offer of judgment of $10,000.00." *Carroll*, 2014 WL 2860994 at *3.

5

A

Pierce's nominal damages award is presumptively a technical victory that does not merit an award of attorneys' fees. The circumstances of the case do not present the rare situation in which success on a claim overcomes that presumption. First, the amount awarded—one dollar—is a minute fraction of the damages Pierce sought. While Pierce did not request a specific damages amount in her complaint, she states in her Motion that she sought "a non-enumerated amount of compensatory damages, a salary adjustment, back pay of $35,802, lost pension benefits in the amount of $102,828, and attorney's fees and costs." (Mem. Supp. Mot. 5.) Shortly before filing her motion for summary judgment, she made a settlement demand of $1,250,000 if she remained employed by the City or $2,750,000 otherwise. (Def.'s Resp. Opp'n Mot. Ex. A.) *See Pickens v. Se. Pa. Transp. Auth.*, 2017 WL 3722427 at *8 (E.D. Pa. Aug. 29, 2017) (considering plaintiff's settlement demand of $60,000 when comparing damages awarded to damages sought); *Yarnall*, 203 F. Supp. 3d at 566 (considering that plaintiffs demanded as much as $200,000 during settlement conferences when comparing damages awarded to damages sought); *Carroll*, 2014 WL 2860994 at *3 (considering that plaintiff did not accept a $25,000 settlement offer when comparing damages awarded to damages sought). The Court must give primacy to the disparity between damages sought and awarded, and this weighs heavily against awarding attorneys' fees in her case.[5]

---

[5] In addition to Pierce's monetary demands, she sought injunctive and equitable relief in a post-trial motion. The Court's denial of that motion "strengthens [the City]'s contention that the difference between the relief sought and the relief obtained is vast enough to justify a denial of fees." *Yarnall*, 203 F. Supp. 3d at 566 n.8.

Although the Court need not consider the two additional factors identified by Justice O'Connor in *Farrar*, it will do so briefly. *See Carroll*, 2014 WL 2860994 at *3; *Yarnall*, 203 F. Supp. 3d at 566. With respect to the significance of the legal issue on which Pierce prevailed, courts assess this factor in two ways: "either by examining whether the legal issue . . . was a central aspect of her entire claim, or by examining the importance of the legal right . . . as compared to other legal rights generally." *Carroll*, 2014 WL 2860994 at *3 (quoting *Haines v. Forbes Road Sch. Dist.*, 2010 WL 56101 at *3 (M.D. Pa. Jan. 5, 2010)).

Pierce alleged violations of six federal, state and local laws, pointing to the City's failure to promote her on three occasions because of her race, creation of a hostile work environment, retaliation against her and failure to accommodate her alleged disability. Only the 2016 failure-to-promote claims and retaliation claims under Title VII, the PHRA and the PFPO survived summary judgment. Pierce ultimately prevailed on the retaliation claims alone. "Viewing the complaint as a whole," the retaliation claims are minor in relation to the entirety of Pierce's complaint. *Carroll*, 2014 WL 2860994 at *3. Moreover, while the right to be free from unlawful retaliation is undoubtedly important, the Third Circuit has "caution[ed], given the *Farrar* rule that nominal damages awards in civil rights cases usually will warrant no fee . . . [that] it cannot be the case that the mere vindication of rights alone suffices to distinguish those cases in which the presumption of no fee is overcome." *Velius*, 466 F. App'x at 141 n.4. Pierce's claim of retaliation was not novel; the fact that her rights were technically vindicated does not make this a rare case in which attorneys' fees are appropriate. *Cf. Yarnall*, 203 F. Supp. 3d at 566 (finding, in suit against the School District of Philadelphia, that

7

the second O'Connor factor did not support a fee award where the Court could not "see how plaintiffs' circumstances stand out in any 'significant' way from any other Title VII hostile work environment action").

As to whether Pierce's success accomplished some public goal, the Court considers whether the jury's verdict for Pierce will deter future misconduct. *See Farrar*, 506 U.S. at 122 (O'Connor, J., concurring). The Third Circuit has warned that an "obtuse" verdict sheet which does not specify whether the verdict is based on one act by the defendant—*e.g.*, officers pulling plaintiff from his truck—or another—*e.g.*, officers handcuffing plaintiff too tightly—or both, cannot serve any substantial notice-giving function. *Velius*, 466 F. App'x at 141 n.4.

Here, the jury answered yes to the following question on the verdict sheet: "Do you find that Ms. Pierce has proven by a preponderance of the evidence that she was retaliated against for her complaint(s) of discrimination and/or retaliation?" (Verdict Form, ECF No. 73.) This verdict, like the "obtuse" verdicts in *Farrar* and *Velius*, "carries no discernable meaning." *Farrar*, 506 U.S. at 122 (O'Connor, concurring). *See also Yarnall*, 203 F. Supp. 3d at 567 (finding a Title VII hostile work environment verdict for plaintiffs "regrettably obtuse" where the jury answered yes to the question: "[d]o you unanimously find by a preponderance of the evidence that during the 2008–2009 school year, the School District of Philadelphia intentionally discriminated against [each plaintiff] on the basis of her race by subjecting her to a hostile work environment?"). The O'Connor factors also weigh against awarding fees for Pierce's nominal victory in this case.

II

Pierce also seeks reimbursement for $29,436.56 in costs. The City appears to concede that Pierce is entitled to costs as a prevailing party. *See* (Def.'s Resp. Opp'n Mot. 14). It contends, however, that her request must be reduced because it includes costs associated with litigating unsuccessful claims.

Pierce believes that "as the prevailing party on her claim," she is entitled to reimbursement of "reasonable and appropriate costs." (Mem. Supp. Mot. 18.) She cites Title VII in support of her argument:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).[6] The reasonable attorneys' fees that a court may award under this provision include "litigation expenses that are incurred in order for the attorney to be able to render his or her legal services." *Yarnall*, 203 F. Supp. 3d at 569 (quoting *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)). Since the Court concludes that Pierce is not entitled to attorneys' fees, she is not entitled to reimbursement for expenses that would otherwise be included under this provision.

Pierce is, however, entitled to costs as a prevailing party under Federal Rule of Civil Procedure 54(d)(1). *See Carroll*, 625 F. App'x at 47 (affirming denial of attorneys' fees but remanding for an award of costs under Rule 54). Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d)(1) limits reimbursable costs to those enumerated in 28 U.S.C. § 1920:

---

[6] Pierce also cites 43 Pa. Cons. Stat. § 962(c.2), a similar fee-shifting provision in the PHRA.

9

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C.] section 1923 . . . ;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C.] section 1828 . . . .

*See Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 & n.2 (3d Cir. 2010).

The Clerk of Court is charged with taxing costs. *Reger*, 599 F.3d at 288; *McKenna v. City of Phila.*, 582 F.3d 447, 454 (3d Cir. 2009) ("Under the procedures outlined in Fed. R. Civ. P. 54(d)(1) . . . the Clerk taxes costs, and then, if there is an objection to the Clerk's action, the District Court reviews the Clerk's award."). Because Pierce has not yet filed a bill of costs with the Clerk, her request for costs is denied without prejudice. *Yarnall*, 203 F. Supp. 3d at 569 (denying claim for costs without prejudice where plaintiff had not filed bill of costs with the Clerk of Court); *Pickens*, 2017 WL 3722427 at *9 (same).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.